UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONIA BENTLEY, | ) |
|    PLAINTIFF, | ) CIVIL ACTION |
| | ) |
| vs. | ) No.  2:24-CV-50 |
| | ) |
| CONNELLSVILLE AREA SCHOOL DISTRICT, JOSEPH BRADLEY, SUPERINTENDENT, AND AMY COUGHENOUR, | ) JURY TRIAL DEMANDED |
|    DEFENDANTS. | ) |

## CIVIL COMPLAINT

Sonia Bentley, by undersigned counsel, files this Civil Complaint and in support alleges the following:

I. Jurisdiction

1. This Honorable Court has subject matter jurisdiction over the causes of action at Counts I through III below pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because Plaintiff states questions under federal law. Specifically at issue are claims made pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5, The Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §626(b) and/or 626(c), 28 U.S.C. §§1331 and 1337 to enforce the provisions of the ADEA, as amended 29 U.S.C. §621 et seq. This Honorable Court has supplemental jurisdiction over Plaintiffs claims made under the Pennsylvania Human Relations

Act (PHRA) pursuant to 28 U.S.C. § 1367.

2. Plaintiff has exhausted administrative remedies. Plaintiff filed charges of discrimination and retaliation with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission (EEOC). On October 24, 2023, the EEOC issued a Right-to-Sue letter on EEOC Charge No. 17F-2022-61281 and on November 6, 2023, the EEOC issued a Right-to-Sue letter on EEOC Charge No. 17F-2023-60163. Plaintiff's complaint was filed with the PHRC more than a year prior to the filing of this complaint. This suit is timely filed.

II. Venue

3. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendants in Fayette County at the time of the illegal actions of the Defendant set forth herein, which is within the Western District of Pennsylvania.

III. The Parties

4. Plaintiff is a 56 year-old Asian (Korean) female who resides at 261 McCoy Hollow Road, Connellsville, Pennsylvania 15425.

5. Connellsville Area School District (hereinafter "CASD") is a public school district in Fayette County, with an address of 732 Rockridge Road, Connellsville, Pennsylvania 15425. CASD currently employs Bentley as a classroom aide.

6. Joseph Bradley, Ed.D., was and is the Superintendent of Schools, he is no longer employed by the district, he was the highest supervisory/administrative position with CASD at all relevant times. Dr. Bradley participated in, and aided and abetted the school district in the

discrimination and retaliation described herein. Dr. Bradley was and is personally involved in the discriminatory conduct at issue, and he intentionally caused the infringement of the plaintiff's legal rights and/or authorized, directed, participated in, and/or ratified the alleged discriminatory conduct.

7. Amy Coughenour was and is the Director of Human Resources of CASD, at all relevant times. Ms. Coughenour participated in, and aided and abetted the school district and continues in the discrimination and retaliation described herein. Ms. Coughenour was and is personally involved in the discriminatory conduct at issue, and she intentionally caused the infringement of the plaintiff's legal rights and/or authorized, directed, participated in, and/or ratified the alleged discriminatory conduct.

III. Factual Background

8. Sonia Bentley is currently employed by CASD as a Classroom Aide. She has been employed with CASD since 2010.

9. On or about August 28, 2019, Sonia Bentley was assigned to the position of Classroom Aide based on her seniority with CASD.

10. On or about July 14, 2022, CASD posted a job opening for Office Clerk in Dunbar Township Elementary School.

11. On or about July 15, 2022, Bentley applied for the Office Clerk position. Due to CASD past practice and her level of seniority, Bentley was next in line for the position. Bentley was qualified for all of the clerical positions for which she applied prior to implementing CASD criteria after the bid was closed and without notification to applicants.

12. On or about July 20, 2022, Bentley was informed that she was required to interview for the position. Based on CASD past practice, the interview requirement was

unprecedented as CASD had previously placed employees in clerical positions based upon seniority. Having passed a required exam, Bentley was excluded from all considerations for long term and substitute position from the pool of qualified applicants and never placed as such. These positions were all awarded to younger white females with far less seniority.

13. On or about July 22, 2022, Bentley was informed that the position had been filled by a younger white employee who had less seniority than Bentley.

14. On August 2, 2022, Bentley emailed a written complaint to Dr. Bradley, Ms. Coughenour, the CASD Board of Directors, and the CASD solicitor complaining that she was being discriminated and retaliated against by the school district, Dr. Bradley, and Ms. Coughenour due to her Asian ethnicity and her age.

15. On August 15, 2022, Bentley made a written request to speak to the CASD Board of Directors in Executive Session outside the presence of Dr. Bentley and Ms. Coughenour reporting complaints of discrimination and advising the members of the Board of Directors about her EEOC/PHRC complaints. Bentley described discriminatory conduct on the part of Dr. Bradley and Ms. Coughenour. Bentley also pointed out that the she had previously been discriminated against by the defendants for 8 months in 2018/2019 when she was forced to take unpaid leave based on fictitious charges which were proven to be falsified such that Bentley was reinstated without penalty with payment of back pay and retirement, and her sick/personal days were reinstated. The District went against the original settlement agreed upon and place Bentley back to Dunbar Township where this all began.

16. On or about August 26, 2022, Bentley complained to Dr. Bradley about the unprecedented interview for the Dunbar Township Office Clerk position that she was next in line on the seniority list to receive, in light of the fact that CASD had not required any interviews for

4

Office Clerks past practice including a white co-worker who was next in line on the seniority list for the same position at a different school a few weeks earlier.

17. On September 9, 2022, Bentley filed a charge with the PHRC and EEOC alleging discrimination based on age and race/national origin.

18. On September 12, 2022, Defendants gave Bentley a written warning for allegedly violating CASD chain of command when she went to the CASD Board of Directors to inquire about making a complaint against Dr. Bradley.

19. On September 22, 2022, Dr. Bradley gave Bentley a false and retaliatory written discipline claiming that Bentley had bullied a white coworker who had been given the position for which Bentley had applied.  Bentley requested proof of the falsely alleged bullying against her, but Dr. Bradley refused to do so and the coworker was awarded a permanent clerk position.

20. After the filing of the complaint of discrimination, CASD and the individual defendants intentionally retaliated against Bentley with disciplinary actions. She was repeatedly passed over for promotions; including a lateral move from Emotional Support to Life Skills classroom aide.

21. On November 3, 2022, Bentley was suspended for four days without pay due to fabricated reprimands, and after she made several complaints about being passed over for the positions for which she had applied.  Upon information and belief, the suspension effectively disqualified Bentley from obtaining clerical positions in the future based on unpublished criteria that was not approved by the Board directors.

22. After Bentley complained about the Defendant's discrimination and retaliation, she was passed over for clerical positions which were given to younger white employees some of whom had been provided clerical training that was denied to Bentley.  The Defendants continued

to disregard the seniority system that was followed for more than a quarter of a century. Upon information and belief, Bentley was retaliated against for speaking out about the discrimination and retaliation she was enduring.

23. On August 23, 2023, Bentley was served with a letter form Defendants' counsel demanding that she immediately "cease and desist all direct and indirect communications with any CASD board member, or administrator working in any capacity for the school district." Counsel threatened: "Should you not cease and desist as set forth in this letter, we will take any and all appropriate legal action."

## COUNT I – 42 U.S.C. § 1981

### Plaintiff v. All Defendants

### Racial Discrimination and Retaliation

24. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

25. The above described unlawful employment practices by Defendants, their agents, servants and employees violate 42 U.S.C. § 1981. The actions were discriminatory, retaliatory, and severe or pervasive such as to create a hostile work environment.

26. The Defendants' actions were performed with malice and/or reckless indifference to Bentley's federally protected rights.

27. As a direct and proximate result of the above-mentioned employment practices, Plaintiff has lost income, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and she has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience, harm to her reputation, and mental anguish for which she seeks damages.

WHEREFORE, Sonia Bentley demands judgment against the defendants and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

### COUNT II – TITLE VII

### Plaintiff v. CASD

### Race and National Origin Discrimination and Retaliation

28. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

29. The above-described unlawful employment practices by Defendant, its agents, servants and employees violate Title VII.

30. The Defendant's actions were also performed with malice and/or reckless indifference to the Plaintiffs' federally protected rights.

31. As a direct and proximate result of the above-mentioned employment practices, Sonia Bentley has lost income the form of back and front pay, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and she has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience, harm to her reputation, and mental anguish for which she seeks damages.

WHEREFORE, Sonia Bentley demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees

including litigation expenses and the costs in this action.

### COUNT III – AGE DISCRIMINATION/RETALIATION

### Plaintiff v. CASD

32. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein..

33. Defendant's stated reasons for the discrimination and retaliation described herein were a pretext for discrimination and retaliation.

34. Defendant violated the ADEA by the discrimination and retaliation described herein.

35. Defendant willfully violated the ADEA.

WHEREFORE, Plaintiff seeks a judgment against Defendant, including the following:

    (a)    Payment of back wages, front pay, and benefits;

    (b)    Liquidated damages; and

    (c)    Costs of litigation and reasonable witness and attorney fees.

### COUNT IV - THE PENNSYLVANIA HUMAN RELATIONS ACT

### Plaintiff v. All Defendants

### Discrimination and Retaliation

36. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

37. The PHRA prohibits discrimination based upon the race, ethnicity, national origin, and age of an employee. The PHRA also prohibits retaliation against employees who report or complain of discrimination, harassment, and/or violations of the law.

38. Plaintiff was disciplined, discriminated against, and retaliated against because of

her race, ethnicity, national origin, and/or age, as well as her complaints of discrimination and retaliation as more fully described herein in violation of the PHRA.

39. Defendants' alleged reasons for the illegal conduct, hostile work environment, and retaliation are a pretext for illegal discrimination.

40. Defendants' unlawful employment practices caused Plaintiff to suffer damages including but not limited to lost income, lost benefits, emotional distress, and mental anguish, humiliation, embarrassment, damage to her reputation, and inconvenience.

41. Defendants' deliberate discrimination and retaliation against Plaintiff is unlawful discrimination and is in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

JURY TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE

Dated: January 12, 2024              Respectfully submitted.

                                                           By/s/ Thomas B. Anderson, Esquire
                                                           Thomas B. Anderson, Esquire
                                                           Pa. I.D. No. 79990

                                                           Bordas and Bordas, PLLC.
                                                           420 Fort Duquesne Blvd., Suite 1800
                                                           Pittsburgh, PA  15222
                                                           (412) 502-5000
                                                           tanderson@bordaslaw.com

                                                           Counsel for the Plaintiff